UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA JOHNSON,                          )<br>                                                      )<br>                            Plaintiff,      )<br>                                                      )<br>                vs.                             )<br>                                                      )<br>WESTERN & SOUTHERN LIFE      )<br>INSURANCE COMPANY,            )<br>STEVEN BIBI,                         )<br>JASON STUM,                          )<br>                                                      )<br>                          Defendants.   ) | 1:15-cv-00627-RLY-DKL |

**ENTRY ON MOTION TO DISMISS, MOTION TO AMEND COMPLAINT, AND
MOTION TO REMAND**

Plaintiff, Cynthia Johnson, a former employee of Western & Southern Life
Insurance Company ("W&S"), brought suit against Defendants, W&S, Steven Bibi, and
Jason Stum, employees of W&S.  Plaintiff sets forth the following four causes of action:
(1) violation of a non-compete and non-solicitation agreement, (2) libel and slander, (3)
negligence resulting in physical and emotional injury, and (4) constructive fraud and
conspiracy.  Defendants move to dismiss the lawsuit and enforce the arbitration
agreement.  Plaintiff opposes that motion and moved to amend her complaint and remand
the action to state court.  For the reasons set forth below, the court **GRANTS** Plaintiff's
motion to amend her complaint and treats her Proposed Amended Complaint as the
amended complaint for purposes of the motion to dismiss and motion to remand. The

1

court **DENIES** Plaintiff's motion to remand, and **GRANTS** Defendants' motion to dismiss.

### I.    Background

Plaintiff has a tumultuous history with Defendants.[1]  As an employee of W&S, Plaintiff held positions as both a sales representative and sales manager.  She claims to have suffered discrimination and pressure to participate in illegal business practices throughout her employment.  After her employment with W&S, she claims Defendants interfered with her professional reputation. (Filing Number 8-1, Am. Compl. ¶¶ 4.1–5.5).

This is the third lawsuit, excluding a class action, filed by the Plaintiff against the Defendants stemming from the same core set of alleged facts.  Plaintiff's first lawsuit, filed in this court in 2013, contained a series of allegations including negligence, contract claims, and gender and race discrimination claims.  In that case, the court granted Defendants' motion to dismiss with prejudice on the grounds Plaintiff's claims were precluded by an arbitration agreement signed with her former employer and barred by time limitations.[2] *Johnson v. W. & S. Life Ins. Co.*, No. 1:13-cv-1659, 2014 WL 4370772 (S.D. Ind. Sept. 3, 2014) (hereinafter "*Johnson I*").  The Seventh Circuit affirmed in part, agreeing that the claims are subject to arbitration and modifying the district court's ruling to be a dismissal without prejudice.  *Johnson v. W. & S. Life Ins. Co.*, 598 F. App'x. 454,

---

[1] The specific facts surrounding Plaintiff's claims were addressed more fully in previous decisions and need not be thoroughly discussed here.  For a review of those facts, see *Johnson I*, 2014 WL 4370772 at *1, *aff'd* 598 F. App'x. at 455.

[2] While the arbitration agreement is between Plaintiff and W&S, it covers the remaining defendants. (Filing No. 12-2, Dispute Resolution Program 3) ("Claims and disputes subject to arbitration include all those legal claims you may now or in the future have against the Company . . .  or its officers, directors, employees or agents . . . .").

455–56 (7th Cir. 2015) (also "*Johnson I*").  In 2014, Plaintiff filed another suit in state court.  That lawsuit was based on similar factual and legal allegations and contained additional causes of action, including violations of the Indiana Consumer Fraud Act, HIPAA violations, and deceptive trade practices.  *Johnson v. W. & S. Life Ins. Co.*, No. 49D02-1407-ct-022367 (Marion Cnty. Super. Ct. Jan. 22, 2015) (hereinafter "*Johnson II*").  The Marion Superior Court dismissed Plaintiff's suit, finding the claims subject to arbitration.  *Id.*

Plaintiff filed the present lawsuit in Marion Superior Court; Defendants removed the action to this court.  (Filing No. 1-1, Compl. and Jury Demand at 1 (hereinafter "Compl."); (Filing No. 1, Joint Notice Removal (hereinafter "Removal")).  Defendants now move to dismiss the action and enforce arbitration.  In support, Defendants rely on the same arbitration agreement that warranted dismissal in *Johnson I* and *Johnson II*. Plaintiff moves to amend her complaint and remand to state court.

## II.    Discussion

### A.    Motion to Amend Complaint

A plaintiff may generally amend her complaint once as a matter of right.  Fed. R. Civ. P. 15(a)(1).  Under Rule 15(a)(1)(B), a party may, of right, amend a complaint until twenty-one days from the service of the earlier of a responsive pleading or a 12(b), (e), or (f) motion.  *See also Rainey v. Lipari Foods, Inc.*, 546 F. App'x. 583, 585 (7th Cir. 2013) (holding a plaintiff has a right to amendment within the window even if dismissal has already been granted).  Here, Plaintiff moved to amend only eight days after Defendants filed their Motion to Dismiss.  Therefore, Plaintiff may amend her complaint pursuant to

3

Rule 15(a)(1)(B), and her Motion to Amend is **GRANTED**.  The court treats Plaintiff's

Proposed Amended Complaint (Filing No. 8-1) as Plaintiff's Amended Complaint for

purposes of the motion to remand and motion to dismiss.

### B.        Motion to Remand

Plaintiff moves to remand the case to the Marion Superior Court on three grounds.

First, Plaintiff relies on 28 U.S.C. § 1441(b) to show that removal was improper.  Section

1441(b) prohibits removal "if any of the parties in interest properly joined and served as

defendants is a citizen of the State in which such action is brought."  28 U.S.C. §

1441(b)(2).  Plaintiff argues that because Defendant Jason Stum's proof of summons and

service of process was not filed, he could not have consented to removal as the

Defendants claim. [3]  Defendants respond that removal here was not based on diversity

jurisdiction; rather, they removed pursuant to Section 1441(a) because the court has

federal question jurisdiction.  (Removal ¶ 2).  The court finds that removal under Section

1441(a) was appropriate given Plaintiff's express statement of federal jurisdiction and

stated intent to raise federal claims.  (Compl. ¶¶ 3.1 – 3.3, 5.2).

Second, Plaintiff argues that the action must be remanded, because she includes a

claim under the Violence Against Women Act of 1994 ("VAWA") in her amended

complaint.  While Plaintiff correctly points out that removal of a Section 40302 civil

action is precluded under 28 U.S.C. § 1445(d), Plaintiff fails to recognize that the

Supreme Court found that Congress did not have the power to enact Section 40302, thus

---

[3] The court notes that Stum consented to removal by joining the Defendants' Notice of Removal.

barring civil actions under this provision. *United States v. Morrison.* 529 U.S. 598, 627 (2000). Plaintiff's VAWA claim is one upon which relief cannot be granted. As such, that claim is not a proper reason to remand.

Third, Plaintiff argues that her Amended Complaint does not contain federal allegations and thus, must be remanded. Defendants respond that remand is inappropriate, because Plaintiff has disingenuously dropped the federal claims from her complaint. After a plaintiff amends her complaint of right, the amended complaint ordinarily controls even if it contradicts the first complaint. *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 778 (N.D. Ill. 2009) (citing *Moriarty v. Larry G. Lewis Funeral Dirs. Ltd.*, 150 F.3d 773, 777 (7th Cir. 1998)). However, "removal is not defeated by the fact that, after the case is removed, the plaintiff files a new complaint, deleting the federal claim." *Hammond v. Terminal R.R. Ass'n*, 848 F.2d 95, 97 (7th Cir. 1998). In comparing the two versions of the complaint, the court finds that Plaintiff's claims are nearly identical except that Plaintiff removed some explicit reference to federal jurisdiction and claims. (*See* Filing No. 8-1, First Am. Compl. and Jury Demand ¶ 3.2 (hereinafter "Am. Compl.")). Nevertheless, she retains much of the same language suggesting federal claims. (*Id.* at ¶¶ 3.1, 3.2, 5.2). Thus, the court finds that it still has jurisdiction over the allegations in the complaint.

After considering Plaintiff's three reasons for remand, the court is not persuaded. Therefore, Plaintiff's Motion to Remand is **DENIED**.

## C.      Motion to Dismiss and Enforce Arbitration Agreement

The Seventh Circuit construes a motion to dismiss on the grounds of an existing arbitration agreement as a Rule 12(b)(3) motion to dismiss for improper venue. *Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 807 (7th Cir. 2011). A 12(b)(3) dismissal is not on the merits. Fed. R. Civ. P. 41(b). When a plaintiff amends a complaint of right while a motion to dismiss is pending, the court applies the motion to dismiss against the amended complaint. *Ticketreserve*, 656 F. Supp. 2d at 778. Facts are construed in a light favorable to the plaintiff, and the court is not bound to limit its consideration to the pleadings. *Hoopes v. Gulf Stream Coach, Inc.*, No. 1:10-cv-165, 2012 WL 1029352, *1 (N.D. Ind. Mar. 26, 2012). Defendants did not waive their right to demand arbitration by removing the case. *See Cooper v. Asset Acceptance*, 532 F. App'x. 639, 642 (7th Cir. 2013) (holding the defendant did not waive its right to arbitration even after removing the case to federal court and filing a motion to dismiss).

Here, the determination of whether venue is proper is a two-step inquiry. First, is the arbitration agreement binding? Second, are Plaintiff's claims precluded by the arbitration agreement? *See Ticketreserve*, 656 F. Supp. 2d at 779 ("[T]he Court must . . . determine whether there is an agreement to arbitrate and if so, whether the underlying dispute is within its scope.").

Ordinarily, federal courts look to state contract law to determine the validity of an arbitration agreement. *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997). However, this court and the Seventh Circuit have already determined that the arbitration agreement is valid. *See Johnson I*, 2014 WL 4370772 at *3, *aff'd* 598 F. App'x. at 456. Thus, the court only need to determine if Plaintiff's

claims are precluded by the arbitration agreement.  The arbitration agreement states, in

pertinent part:

> Claims and disputes subject to arbitration include all those legal claims you
> may have now or in the future have against the Company and its affiliates
>  . . . and all claims that the Company may now or in the future have against
> you . . . except as expressly excluded.

(Filing No. 12-2, W&S Dispute Resolution Program Booklet ("Program") 3).  Defendants

argue Plaintiff's claims are essentially the same as those brought and found to be

precluded in *Johnson I* and *Johnson II*.  The court will review each cause of action.

Plaintiff's first cause alleges a violation of the non-compete and non-solicitation

agreement.  (Am. Compl. ¶¶ 6.1–6.20).  She argues that this falls under an exception in

the arbitration agreement.  The arbitration agreement states "Company claims under the

non-competition and non-solicitation provision of the filed sales associate agreements,"

are not subject to arbitration.  (Program 4).  As Defendants argue, this exception only

applies to claims brought by W&S, not claims brought by an employee or former

employee.  Thus, this exception does not apply, and Plaintiff's first cause of action is

subject to the arbitration agreement.  Additionally, under this cause, Plaintiff alleges

breach of W&S's "Common law Duty of Loyalty" and defamation.  (Am. Compl. ¶

6.18).   Both claims are subject to the arbitration agreement.  (Program 3).  Moreover, the

defamation claims were already found to be subject to the arbitration agreement by this

court and the Seventh Circuit.  *Johnson I*, 2014 WL 4370772 at *3, *aff'd* 598 F. App'x at

456.

Causes two and four are for libel, slander, fraud and other common law actions. These clearly fall within the arbitration agreement.  (*See* Program 3); *Johnson I*, 2014 WL 4370772 at *3, *aff'd* 598 F. App'x. at 456 (holding the arbitration agreement precluded the court from hearing the common law claims).

Cause three is a VAWA action for personal injury.  Although this particular cause of action was not covered in *Johnson I*, the allegations were.  Plaintiff repackages her negligence claim into a Section 40302 VAWA claim.  The negligence claim was already found to be covered by the agreement.  *Johnson I*, 2014 WL 4370772 at *3, *aff'd* 598 F. App'x. at 456.  This claim is similarly covered.  Moreover, as stated above, the Supreme Court has held that this is not a valid cause of action.  *Morrison*, 529 U.S. at 627.

After reviewing each claim, the court finds that all of Plaintiff's claims in the amended complaint are subject to arbitration under the agreement.  Therefore, the court **GRANTS** Defendants' Motion to Dismiss.

### D.	Attorneys' Fees

Defendants additionally seek attorneys' fees and costs.  The arbitration agreement provides that if a party brings an action covered by the agreement in court, the "responding party shall be entitled to . . . the recovery of all costs and attorneys' fees and expenses related to such action."  (Program 5).  As such, the Plaintiff is ordered to pay Defendants' attorneys' fees and costs.

### IV.	Conclusion

For the foregoing reasons, the Plaintiff's Motion to Amend Complaint (Filing No. 8) is **GRANTED**.  The court accepts Plaintiff's Proposed Amended Complaint (Filing

No. 8-1) as the Amended Complaint. The Plaintiff's Motion to Remand (Filing No. 8) is

**DENIED**.  The Defendant's Motion to Dismiss (Filing No. 6) is **GRANTED** without

prejudice.  Plaintiff is **ORDERED** to pay Defendants' attorneys' fees and costs.


**SO ORDERED** this 28th day of July 2015.


RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record and via United States Postal
Service to:

Ms. Cynthia Johnson
6849 Capital Lane, #C
Avon, IN 46123